**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

AKECHETA MORNINGSTAR                                        **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 3:22-cv-006-NBB-RP**

ST. DOMINIC-JACKSON MEMORIAL
HOSPITAL, DR. SAGAR PATEL, AND
GLOBAL MEDICAL RESPONSE                                     **DEFENDANTS**

## ORDER TRANSFERRING CASE

This cause comes before the court, *sua sponte*, for entry of an order transferring this case to a court of proper venue.  All parties to this action reside or are located in the Southern District of Mississippi, and all events alleged in the instant complaint occurred within said district.

Proper venue in federal court is:  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which the events occurred; or (3) if there is no other proper district – any judicial district in which any defendant is subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  A transfer under § 1404(a) is proper if "the transferee venue is clearly more convenient," taking into consideration (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will

govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am., Inc. ("Volkswagen II"),* 545 F.3d 304, 311 (5th Cir. 2008) (en banc).

In the present case, these factors weigh in favor of transfer to the Southern District of Mississippi. Venue is proper in that district, and the case will be transferred to that court.

It is, therefore, **ORDERED AND ADJUDGED** that this case is hereby transferred to the United States District Court for the Southern District of Mississippi; that the Clerk of Court is directed to transfer the complaint and the entire record to the United States District Court for the Southern District of Mississippi; and this case is **CLOSED.**

**SO ORDERED** this 13th day of January, 2022.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

2